**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 13-53071-jrs |
| NATIONWIDE DRYWALL, INC., ) | |
| ) | CHAPTER 7 |
|     Debtor . ) | |
| _____ ) | |
| TAMARA MILES OGIER as Chapter 7 ) | |
| Trustee, ) | |
| ) | |
|     Plaintiff, ) | ADVERSARY PROCEEDING |
| ) | NO. _____ |
| v. ) | |
| ) | |
| L & W SUPPLY CORPORATION, AND ) | |
| L & W SUPPLY CORPORATION D/B/A ) | |
| BUILDING SPECIALTIES ) | |
| ) | |
|     Defendants. ) | |

**COMPLAINT TO RECOVER PREFERENTIAL TRANSFERS**

Tamara Miles Ogier as Chapter 7 Trustee ("Trustee") for the Estate of Nationwide Drywall Inc. files this Complaint pursuant to 11 U.S.C. §§ 547, 550 and 551 and respectfully shows the Court as follows:

1.

The Trustee is the duly appointed and qualified Trustee of the above-styled bankruptcy case.

2.

L & W Supply Corporation ("Defendant 1") is subject to the jurisdiction and venue of this Court and may be served pursuant to Fed. R. Bankr. P. 7004.

3.

L & W Supply Corporation d/b/a Building Specialties ("Defendant 2") is subject to the jurisdiction and venue of this Court and may be served pursuant to Fed. R. Bankr. P. 7004.

4.

This Adversary Proceeding arises out of and relates to the Chapter 7 Bankruptcy Case of Nationwide Drywall, Inc. Case No. 13-53071-jrs on the docket of this Court.

5.

This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. § 157 and § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The Court may, therefore, issue appropriate orders or judgments in this core proceeding.

6.

Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This Court may issue the relief sought pursuant to 11 U.S.C. §§ 547, 550 and 551 and other applicable statutes and laws.

7.

On February 13, 2013 (the "Petition Date"), Nationwide Drywall, Inc. (the "Debtor") filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code (11 U.S.C. §§ 101, *et seq.*).

8.

The Trustee was first appointed as Interim Chapter 7 Trustee, and is now the permanent Trustee in this case, having concluded the Section 341 meeting on March 20, 2013.

9.

During the ninety days prior to the Petition Date, the Debtor transferred to the Defendant 1 and/or Defendant 2 at least the total sum of $115,482.45 (said transfer(s) hereinafter referred to as the "Transfers") as more specifically set forth on Exhibit "A" which is attached hereto and incorporated herein by reference.

10.

Pursuant to a letter dated June 17, 2014, the Trustee made demand upon Defendant 1 and/or Defendant 2 for turnover of the Transfers. A true and correct copy of said letter is attached hereto as Exhibit "B".

11.

Although the Defendants replied to the demand letter, to date, the Defendants have failed to remit any funds to the Trustee.

12.

To the extent the Trustee discovers the existence of additional transfers to Defendant 1 and/or Defendant 2 within the ninety (90) days prior to the Petition Date, the Trustee intends to recover all such transfers, and this complaint is not limited to those transfers disclosed as part of the defined term.

13.

The Transfers were transfers of the Debtor's funds and were transfers of interests in property of the Debtor.

14.

The Transfers were made to or for the benefit of a creditor, Defendant 1 and/or Defendant 2, on account of amounts owed for goods and/or services provided to the Debtor prior to the Transfers.

15.

The Transfers were for or on account of an antecedent debt owed by the Debtor to Defendant 1 and/or Defendant 2 before the Transfers were made.

16.

Pursuant to 11 U.S.C. §547(f) the Debtor is presumed to be insolvent within the 90 days prior to the Petition Date, and the Transfers were, in fact, made while the Debtor was insolvent.

17.

The Transfers were made within ninety (90) days before the Petition Date

18.

The Transfers enabled the creditor, Defendant 1 and/or Defendant 2, to receive more than such creditor would receive under Chapter 7 of title 11 of the Bankruptcy Code (11 U.S.C. §§ 101, *et seq.*) if the Transfers had not been made and such creditor received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

19.

Pursuant to 11 U.S.C. § 547, the Transfers are avoidable by the Trustee and should be preserved for the Estates pursuant to 11 U.S.C. § 551.

20.

Pursuant to the provisions of 11 U.S.C. §§ 547, and 550, Defendant 1 and/or Defendant 2 is/are liable to the Trustee for the value of the Transfers in an amount not less than $115,482.45, plus pre-judgment interest allowed by law from the date of the demand letter, plus all post-judgment interest allowed by law.

21.

The Trustee reserves the right to amend this Complaint pursuant to a requested accounting as well as other discovery, should facts be discovered to justify the assertion of additional claims, including without limitation any and all claims arising under Title 11 of the United States Code or applicable state law.

**WHEREFORE,** Plaintiff prays this Honorable Court:

1. Order that the Transfers be avoided pursuant to 11 U.S.C. § 547 and preserved for the Estates pursuant to 11 U.S.C. § 551;

2. Pursuant to 11 U.S.C. §§ 547 and 550, enter an Order and Judgment in favor of Plaintiff and against Defendant 1 and/or Defendant 2 in the sum of at least $115,482.45 for the value of the Transfers, plus pre-judgment interest allowed by law from the date of the demand letter, plus all post judgment interest allowed by law; and

3. Grant Plaintiff such further and additional relief as this Court deems appropriate.

                                      OGIER, ROTHSCHILD & ROSENFELD, P.C.

                                      By:  /s/ Allen Rosenfeld
                                              Allen Rosenfeld
                                              Georgia Bar No. 614451

170 Mitchell Street, SW
Atlanta, Georgia 30303-3424
(404) 525-4000
apr@orratl.com

**EXHIBIT "A"**

| Check Date | Check Number | Amount |
|---|---|---|
| 12/12/2012 | 2571 | $8,899.95 |
| 12/14/2012 | 121412 | $106,582.50 |

**TOTAL: $115,482.45**

| Exhibit B |

**OGIER,
ROTHSCHILD &
ROSENFELD, PC**

ATTORNEYS AT LAW

170 Mitchell Street, SW
Atlanta, GA 30303
404.525.4000 Phone
404.526.8855 Fax
www.orratl.com

Sender's e-mail:
apr@orratl.com

June 17, 2014

Building Specialties Co Inc.
4755 N. Church Lane
Smyrna, GA 30080

Thacker Supply Company Inc.,
d/b/a Building Specialties Co Inc.
c/o George R. Davidson, Registered Agent
4755 N. Church Lane
Smyrna, GA 30080

Re:    In re: Nationwide Drywall Inc. Chapter 7 Case No. 13-53071-jrs, Northern District of Georgia, Atlanta Division

Dear Sir or Madam,

This firm represents Tamara Miles Ogier as Chapter 7 Trustee (the "Trustee") in the case identified above. Nationwide Drywall Inc. filed its bankruptcy case on February 13, 2013. A copy of the Notice of Commencement of Case is enclosed for your records.

According to the Bankruptcy Code, the Trustee is authorized to recover, with certain exceptions, certain transfers made by the Debtor within 90 days prior to the filing of the Debtor's bankruptcy petitions. See 11 U.S.C. § 547. A review of the Debtor's Statement of Financial Affairs indicates that you received $115,482.45 from the Debtor within 90 days of the filing of the bankruptcy petition. Accordingly, demand is made for turnover of said amount within ten (10) days from the date of this letter. Of course, if you believe you have any defenses to this repayment, please provide those within ten days from the date of this letter. If we do not receive the sum demanded or a satisfactory response the Trustee may have no choice but to proceed with litigation to recover this amount.

If you would like to discuss this matter further, please contact me at your earliest convenience but, please, not later than ten days from the date of this letter.

Sincerely,

OGIER, ROTHSCHILD & ROSENFELD, P.C.

By: _____
Allen Rosenfeld

Enclosure

**B9B (Official Form 9B)** (Chapter 7 Corporation/Partnership No Asset Case) (12/12)     Case Number **13−53071−jrs**

UNITED STATES BANKRUPTCY COURT Northern District of Georgia
See our website: www.ganb.uscourts.gov

# Notice of
# Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines

A chapter 7 bankruptcy case concerning the debtor(s) listed below was filed on 2/13/13.

You may be a creditor of the debtor. **This notice lists important deadlines.** You may want to consult an attorney to protect your rights. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below. NOTE: The staff of the bankruptcy clerk's office cannot give legal advice.

**Creditors – Do not file this notice in connection with any proof of claim you submit to the court.**
**See Reverse Side For Important Explanations**

Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
Nationwide Drywall, Inc.
8100 Roswell Rd., Suite 420
Atlanta,, GA 30350

| Case Number: | Social Security / Individual Taxpayer ID / Employer Tax ID / Other nos: |
|---|---|
| 13−53071−jrs | 58−2213354 |

| Attorney for Debtor(s) (name and address): | Bankruptcy Trustee (name and address): |
|---|---|
| Daniel E. Raskin | Tamara Miles Ogier |
| Daniel E. Raskin | Ogier, Rothschild & Rosenfeld PC |
| Suite 114 | 170 Mitchell St. S.W. |
| 325 Hammond Drive | Atlanta, GA 30303 |
| Atlanta, GA 30328 | Telephone number: 404−525−4000 |
| Telephone number: 404−255−8878 | |

## Meeting of Creditors

Date: **March 20, 2013**     Time: **02:00 PM**
Location: **Third Floor – Room 365, Russell Federal Building, 75 Spring Street SW, Atlanta, GA 30303**

### NOTICE TO DEBTOR(S)

Individuals who file bankruptcy must bring two forms of original documentation to their meeting of creditors: photo identification (driver's license, government ID, state photo ID, student ID, U.S. passport, military ID, or resident alien card) and confirmation of their social security number. **Additionally, you must provide the trustee whose name appears above with a copy of your most recently filed income tax return. This should be provided at least 7 days before the meeting of creditors. DO NOT FILE YOUR TAX RETURN WITH THE COURT. Please bring a copy of this notice with you to the Meeting of Creditors. Cellular phones and other devices with cameras will NOT be allowed in the building.**

## Creditors May Not Take Certain Actions:

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

## Please Do Not File a Proof of Claim Unless You Receive a Notice To Do So.

## Creditor with a Foreign Address:

A creditor to whom this notice is sent at a foreign address should read the information under "Do Not File a Proof of Claim at This Time" on the reverse side.

| **Address of the Bankruptcy Clerk's Office:** | **For the Court:** |
|---|---|
| 1340 Russell Federal Building | Clerk of the Bankruptcy Court: |
| 75 Spring Street, SW | M. Regina Thomas |
| Atlanta, GA 30303 | See our website: www.ganb.uscourts.gov |
| Telephone number: 404−215−1000 | |
| Hours Open: Monday – Friday 8:00 AM – 4:00 PM | Date: 2/14/13 |

## EXPLANATIONS

B9B (Official Form 9B) (12/12)

| | |
|---|---|
| Filing of Chapter 7 Bankruptcy Case | A bankruptcy case under Chapter 7 of the Bankruptcy Code (title 11, United States Code) has been filed in this court by or against the debtor(s) listed on the front side, and an order for relief has been entered. |
| **Legal Advice** | Neither the Court nor the staff of the bankruptcy clerk's office can give you legal advice. You may want to consult an attorney to protect your rights. |
| Creditors Generally May Not Take Certain Actions | Prohibited collection actions are listed in Bankruptcy Code §362. Common examples of prohibited actions include contacting the debtor by telephone, mail or otherwise to demand repayment, taking actions to collect money or obtain property from the debtor; repossessing the debtor's property; and starting or continuing lawsuits or foreclosures. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. |
| Meeting of Creditors | A meeting of creditors is scheduled for the date, time and location listed on the front side. The *debtor's representative must be present at the meeting to be questioned under oath by the trustee and by creditors.* Creditors are welcome to attend, but are not required to do so. The meeting may be continued and concluded at a later date specified in a notice filed with the court. |
| Do Not File a Proof of Claim at This Time | There does not appear to be any property available to the trustee to pay creditors. *You therefore should not file a proof of claim at this time.* If it later appears that assets are available to pay creditors, you will be sent another notice telling you that you may file a proof of claim, and telling you the deadline for filing your proof of claim. If this notice is mailed to a creditor at a foreign address, the creditor may file a motion requesting the court to extend the deadline. *Do not include this notice with any filing you make with the court.* |
| Bankruptcy Clerk's Office | Any paper that you file in this bankruptcy case should be filed at the bankruptcy clerk's office at the address listed on the front side. You may inspect all papers filed, including the list of the debtor's property and debts and the list of the property claimed as exempt, at the bankruptcy clerk's office. (See below for additional information regarding telephone and internet access to Bankruptcy Court records). See our website: www.ganb.uscourts.gov |
| Creditor with a Foreign Address | Consult a lawyer familiar with United States bankruptcy law if you have any questions regarding your rights in this case. |

### Refer to Other Side for Important Deadlines and Notices

An automated response for further information on this case is available 24 hours daily by calling the Multi–Court Voice Case Information System (MCVCIS) toll free number 866–222–8029, selecting your language, press 42 (GA) and then press 0 (GA Northern) to access the Georgia Northern Bankruptcy Court. Please have the case number, social security number or debtor name available when calling. Please have the case number, social security number or debtor name available when calling.

For case information you may choose to visit the Bankruptcy Court locations to view case information for free. Case information may be printed for 10 cents per page. Members of the bar and the public may access Court records at any time, by obtaining an account with the PACER (Public Access to Court Electronic Records) Service Center (800–676–6856). PACER access is available via the Internet, days, night and weekends. The cost to use PACER is ten (10) cents per page up to a maximum of $3.00 per document. A statement will be generated and mailed for your account, if you have accrued charges during the quarter and have a balance due greater than $15. If your balance is less than $15, no statement will be mailed and payment will be deferred until the balance due is greater than $15. The statement will only include the total amount due.